ELIZABETH HEYLER, Respondent, *v.* THE NEW YORK NEWS PUBLISHING COMPANY, Appellant.

*Libel — amendment of the answer setting up a retraction, not allowed on the trial — information from others and absence of malice neither a defense nor justification.*

In an action brought to recover damages for the publication of an alleged libelous article in a newspaper, an application made by the defendant, when the case was called for trial, to be allowed to amend the amended answer, by stating that a retraction had been made, was denied, defendant's counsel, in support of such motion, making an unverified statement that he knew nothing of the retraction until the day before trial.

*Held,* assuming that such a statement was proper, and that it tended to mitigate the alleged wrong done, that the trial judge did not abuse his discretion in denying the application;

That it constituted neither a defense nor a justification in such an action, to prove that the charge was made on information obtained from others, or that the article came in as news, and was published without any express malice on the part of the defendant.

APPEAL by the defendant, the New York News Publishing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Queens county on the 16th day of June, 1892, upon the verdict of a jury for $1,000, rendered upon a trial at the Queens County Circuit by the court and a jury, and also from an order denying the defendant's motion to set aside the verdict and for a new trial, on the minutes, entered in said clerk's office on the 15th day of June, 1892.

This action was brought to recover damages for a libelous article published in the defendant's newspaper. The summons and complaint were served on the 20th day of November, 1891; the answer was served on the 2d day of January, 1892, and on the 4th day of June, 1892, a motion was made by the defendant for leave to serve an amended answer; the motion was granted, and on the 7th day of June, 1892, the amended answer was served.

The action came on for trial at the Queens County Circuit on the 14th day of June, 1892. After the jury was impaneled and sworn, the defendant's counsel asked leave to amend the answer, and stated: "Yesterday I learned for the first time that there had been a retraction published of this article, three days after it was originally published, and I move to amend the answer by setting up this retraction in mitigation of damages. The retraction was published on the nineteenth day of December, and the original article complained of, I think, was published on the 16th."

*Myer J. Stein* and *Wales F. Severance*, for the appellant.

*Thomas C. Kadien* and *Louis J. Grant*, for the respondent.

BARNARD, P. J.:

The plaintiff recovered a judgment for $1,000 for a libel published by the defendant of and concerning her. She was a married woman and the article stated in effect that she was a single woman and had had a child which she strangled to death. The libel was one entirely without excuse or justification if the charge was untrue.

The answer did not in direct terms state the truth of the charge, but pleaded that the circumstances under which the child was born led the public authorities to believe a crime had been committed. That the facts were published without malice and under the belief that it was true. The alleged libel was published on December 16, 1890. When the case was called for trial, in June, 1892, the defendant made an application to amend the amended answer by stating that a retraction had been made on the 19th of December, 1890. Assuming that such a statement was proper in an answer, and that it tended in any way to mitigate the wrong done if a wrong had been done, the trial judge did not abuse his discretion in denying the application. An answer had been served in November, 1891, and an amended answer had been put in upon motion on the 7th of June, 1892. No reason was given beyond an unverified statement of counsel that he knew nothing of the retraction until the day before the trial. No reversible error is shown by the refusal to permit the amendment on this state of the facts. The defendant knew of the retraction and should have pleaded it in time to permit a trial under the usual modes of procedure which are designed to make an issue for the trial. The publication by defendant was proven. The paper of defendant in which it was contained was bought at defendant's office in Park row, and the defendant's witnesses prove that it was published by the defendant. Upon the merits the verdict is sustained by the proof. The charge was exceedingly injurious, and the jury has said that it was unjustified and not so far excused but that the plaintiff was entitled to substantial damages. No error was committed on the trial. There are several exceptions taken to rulings on collateral issues and to the judge's charge and refusal to charge. It was no defense or justification to prove that the charge was made on information obtained from others. It was proven that the article came in as news and was published without any express malice on the part of the defendants.

The judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.